and has seen it under cultivation; and that numerous crops have been raised and gathered there. In my opinion, under the rule which I believe to have been correctly stated in interpreting section 1015 of the Code of Civil Procedure by another department of this court, no unusual or exceptional case is presented which should have prompted the direction of a reference as to the facts on this motion. Whatever common-law presumption of payment of the amount found due on the mortgage may exist after the lapse of so long a time presented to the learned Special Term, in the absence of statements in the opposing affidavits that the amount found due has never been actually paid, questions which should have been decided by the court, and not sent to a reference, where frequently the delay, expense, and inconvenience mean a serious menace to the orderly administration of justice. So, too, upon the question, if there was any materiality in it, of the plaintiff's possession. If the affidavits were so loosely drawn that the court felt it had not before it sufficiently definite statements upon which to predicate a finding of fact, it might either have denied the motion, without prejudice to the plaintiff's renewing it, or have held it for further affidavits upon the part of the defendant, or even have held the matter that papers in reply might be served and read by the moving party. The facts are not complicated, and it was possible to ascertain the truth without the examination of witnesses before a referee. The order should be reversed, with $10 costs and disbursements, and the proceeding remitted to the Special Term for decision.

EFFRAY, Respondent, v. EFFRAY, Appellant. (Supreme Court, Appellate Division, First Department. November 11, 1904.) Action by Melanie Effray against John A. Effray. R. Claughton, for appellant. S. C. Mount, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

EICHELLS, Respondent, v. CITY OF NEW YORK, Appellant. (Supreme Court, Appellate Division, Second Department. October 11, 1904.) Action by Anna L. Eichells against the city of New York. No opinion. Motion to prefer appeal denied.

EISELE, Respondent, v. SANDERS et al., Appellants. (Supreme Court, Appellate Division, First Department. November 11, 1904.) Action by Marie Eisele against Johanna Sanders and others. A. M. Sanders, for appellants. A. Steckler, for respondent. No opinion. Judgment affirmed, with costs.

ELLMAN, Respondent, v. CITY OF NORTH TONAWANDA, Appellant. (Supreme Court, Appellate Division, Fourth Department. November 30, 1904.) Action by Maria Ellman against the city of North Tonawanda.
PER CURIAM. Upon the filing of an affidavit of appellant's attorney and the stipulation signed by the attorneys for both parties, the parties are relieved from the stipulation contained in what purports to be the record on appeal herein, and the appellant is permitted to withdraw such record on appeal from the files of this court, and the cause is ordered stricken from the calendar.

ELSEY, Respondent, v. INTERNATIONAL RY. CO., appellant. (Supreme Court, Appellate Division, Fourth Department. October 11, 1904.) Action by George Elsey against the International Railway Company.
PER CURIAM. Motion to dismiss appeal granted, with $10 costs of motion, unless within 20 days from the date of service of a copy of this order, together with notice of entry thereof, appellant files and serves its printed papers on appeal and pays the costs of this motion, in which event the motion is denied.

ERIE R. CO. v. CITY OF BUFFALO. (Supreme Court, Appellate Division, Fourth Department. October 18, 1904.) Action by the Erie Railroad Company against the city of Buffalo.
PER CURIAM. Motion for an order directing the clerk of this court to request the clerk of the Court of Appeals to return the remittitur herein, and for a reargument of the appeal in this court, denied, with $10 costs.

EUSTACE et al. v. NEW YORK BLDG. LOAN BANKING CO. et al. (Supreme Court, Appellate Division, First Department. November 25, 1904.) Action by Alexander Eustace and another against the New York Building Loan Banking Company and another. No opinion. Motion denied.

FANNING, Respondent, v. SOULE, Appellant. (Supreme Court, Appellate Division, Fourth Department. November 15, 1904.) Action by Lester B. Fanning against Mrs. W. G. Soule, whose true name is Marilla Soule. No opinion. Judgment affirmed, with costs.

FARMERS' LOAN & TRUST CO. v. NEW YORK & N. RY. CO. et al. (Supreme Court, Appellate Division, Second Department. October 11, 1904.) Action by the Farmers' Loan & Trust Co., as trustee, against the New York & Northern Railway Company and others.
PER CURIAM. Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted, and the first two questions proposed certified.

In re FARNHAM. (Supreme Court, Appellate Division, First Department. November 18, 1904.) In the matter of Emma C. Farnham. No opinion. Motion granted, so far as to dismiss appeal, with $10 costs.

FEISS v. LICHTENBERG. (Supreme Court, Appellate Division, First Department. October 14, 1904.) Action by Richard A. Feiss against Lillie Lichtenberg. No opinion. Motion denied, with $10 costs.

FEISS, Respondent, v. LICHTENBERG et al., Appellants. (Supreme Court, Appellate Division, First Department. October 21, 1904.) Action by Richard A. Feiss, as trustee, against Lillie Lichtenberg and others. W. J. Barr,